IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JAPAN MEDICAL MATERIALS CO. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| CERAMTEC AG. | § | |
| | § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

Plaintiff, Japan Medical Materials Co. ("JMM") makes the following allegations for its Complaint against Defendant, CeramTec AG ("CeramTec"):

## PARTIES

1. Plaintiff, JMM, is a corporation organized under the laws of Japan, having its principal place of business at Uemura Nissei Bldg. 3-3-31 Miyahara, Yodogawa-ku, Osaka 532-0003 Japan.

2. Defendant, CeramTec, is a corporation organized under the laws of Germany, having its principal place of business at CeramTec-Platz 1–9, 73207 Plochingen, Germany. Under Fed. R. Civ. P. 4(f)(1) and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, CeramTec may be served by forwarding a summons, complaint, and formal request to the Central Authority in Baden-Württemberg, Germany, having an address at Präsident des Amtsgerichts Freiburg Holzmarkt 2, 79098 Freiburg.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over the claims set forth below based on applicable statutory provisions, including 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over CeramTec based on its business activities directed to this District, including but not limited to the introduction of infringing products into this District with the expectation that they will be purchased by consumers in this District.

5. Venue is proper in this Court under 35 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

**FACTUAL BACKGROUND**

**U.S. PATENT NO. 5,413,610**

6. On May 9, 1995, the United States Patent & Trademark Office ("USPTO") issued U.S. Patent No. 5,413,610 ("the '610 Patent"), entitled "Artificial Hip Joint." JMM is the owner by assignment of all right, title, and interest in the '610 Patent, including the right to recover damages for past, present, and future infringement of the patent and the right to seek injunctive relief against infringement of the patent. A true and correct copy of the '610 Patent is attached as Exhibit A. The original assignee listed on the cover sheet of the '610 Patent is Kyocera Co. ("Kyocera"). Kyocera assigned to JMM all right, title, and interest in the patent on January 7, 2010. This assignment was recorded on January 12, 2010, at the USPTO under Reel/Frame No. 023768/0476.

**COUNT I – INFRINGEMENT OF THE '610 PATENT**

7. JMM incorporates the allegations contained in paragraphs 1-6 above as if set forth verbatim herein.

8.     Upon information and belief, artificial hip joints that infringe one or more claims of the '610 Patent have been made, used, offered for sale or sold in this District and elsewhere in the United States.

9.     Upon information and belief, CeramTec has contributed to and/or induced the infringement of one or more claims of the '610 Patent by making, using, selling, offering for sale and/or importing CeramTec's ceramic ball heads for artificial hip joints in this District and elsewhere in the United States.

10.    Upon information and belief JMM has suffered damage by reason of CeramTec's indirect infringement of the '610 Patent and will suffer additional damage unless this Court enjoins CeramTec from continuing such acts and initiating such acts in the future.

11.    Upon information and belief, CeramTec's infringement has been and continues to be with full knowledge of the '610 Patent and has been intentional, deliberate, and willful.

## PRAYER FOR RELIEF

WHEREFORE, JMM prays for entry of judgment that:

a.     CeramTec has infringed and continues to infringe one or more claims of the '610 Patent;

b.     CeramTec account for and pay to JMM all damages allowed by law for infringement of the '610 Patent;

c.     CeramTec and its officers, agents, servants, employees, and those persons in active concert or participation with them be preliminarily and permanently enjoined from any further infringement of the '610 Patent pursuant to 35 U.S.C. § 283;

d. CeramTec pay to JMM pre-judgment and post-judgment interest at the rate allowed by law on all damages awarded based on their patent infringement;

e. CeramTec pay to JMM all costs it incurs in connection with this action;

f. This case be declared exceptional pursuant to 35 U.S.C. § 285 and that CeramTec therefore pay JMM all attorney's fees and other monetary compensation deemed appropriate;

g. JMM be granted such further and additional relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

JMM demands trial by jury on all claims and issues so triable.

Date:  January 22, 2010

Respectfully submitted,

/s/ Brian Kent Wunder
Brian Kent Wunder
Attorney-in-Charge
Texas Bar No. 22086700
SDTX ID No. 6252
OSHA LIANG LLP
Two Houston Center, Suite 3500
909 Fannin Street
Houston, TX  77010
Phone: (713) 228-8600
Fax: (713) 228-8778

COUNSEL FOR PLAINTIFF
JAPAN MEDICAL MATERIALS, CO.

OF COUNSEL:

**OSHA LIANG LLP**
Jonathan P. Osha
Texas Bar No. 00788150
Richard S. Siluk
Texas Bar No. 18351300
Yuichi Watanabe
Texas Bar No. 24070815
Two Houston Center, Suite 3500
909 Fannin Street
Houston, TX  77010
Phone: (713) 228-8600
Fax: (713) 228-8778